IN UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CYNTHIA D. MCALISTER                                                        PLAINTIFF

vs.                                        Civil No. 2:15-cv-02256

CAROLYN W. COLVIN                                                         DEFENDANT
Commissioner, Social Security Administration


**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Cynthia D. McAlister ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the

Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final

decision of the Commissioner of the Social Security Administration ("SSA") denying her application

for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable P. K.

Holmes, III referred this case to this Court for the purpose of making a report and recommendation.

In accordance with that referral, and after reviewing the arguments in this case, this Court

recommends Plaintiff's case be **AFFIRMED.**

1.    **Background:**

Plaintiff protectively filed her disability application on December 19, 2012. (Tr. 17). In this

application, Plaintiff alleges being disabled due to arthritis, hypoglycemia, irritable bowel syndrome,

dizziness, fatigue, and blackouts. (Tr. 178). Plaintiff alleges an onset date of November 9, 2011.

(Tr. 17). This application was denied initially and again upon reconsideration. (Tr. 77-85).

1

Thereafter, Plaintiff requested an administrative hearing, and that hearing request was granted. (Tr. 32-73, 101-102). Plaintiff's administrative hearing was held on January 28, 2014 in Russellville, Arkansas. (Tr. 32-73). At this hearing, Plaintiff was present and was represented by counsel, Lauren McKinnon. *Id.* Plaintiff and Vocational Expert ("VE") Sarah Moore testified at this hearing. *Id.* At this hearing, Plaintiff testified she was fifty-nine (59) years old, which is defined as a "person of advanced age" under 20 C.F.R. § 404.1563(e). (Tr. 37). As for her education, Plaintiff testified she had graduated from high school. *Id.*

On September 18, 2014, the ALJ entered an unfavorable decision denying Plaintiff's DIB application. (Tr. 14-26). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2016. (Tr. 19, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since November 9, 2011, her alleged onset date. (Tr. 19, Finding 2). The ALJ found Plaintiff had the following severe impairments: fibromyalgia syndrome/generalized osteoarthritis; hypothyroidism; hypertension; allergies; asthma; insomnia; obesity; and a history of seizures/syncope. (Tr. 19-22, Finding 3). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 22-23, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 23-25, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

2

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant should avoid concentrated exposure to temperature extremes, humidity, fumes, odors, dust, gases, poor ventilation and hazards (with no work around unprotected heights or dangerous machinery), including no driving as part of work requirements.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 25-26, Finding 6). Considering her limitations, the ALJ determined Plaintiff retained the capacity to perform her PRW as a machine operator and motor tester.  *Id.*  Because Plaintiff retained the capacity to perform her PRW, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, from November 9, 2011 through the date of his decision or through September 18, 2014.  (Tr. 26, Finding 7).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's decision.  On October 9, 2015, the Appeals Council denied this request for review.  (Tr. 1-3).  On December 8, 2015, Plaintiff filed the present appeal.  ECF No. 1.  Both Parties have filed appeal briefs.  ECF Nos. 9, 11.  This case is now ready for decision.

**2.    <u>Applicable Law</u>:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the

3

Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his

4

or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.**   **Discussion:**

In her appeal brief, Plaintiff raises the following four arguments for reversal: (A) the ALJ erred by failing to fully and fully develop the record; (B) the ALJ erroneously failed to properly evaluate her subjective complaints; (C) the ALJ erred in his RFC determination; and (D) the ALJ erred in his Step Four determination. ECF No. 9 at 6-16. The Court will address each of these arguments.

   **A.**      **Record Development**

Plaintiff claims the ALJ erred by failing to fully and fairly develop the record. ECF No. 9 at 6-9. As an initial matter, the ALJ only has the obligation "to develop a reasonably complete record." *Clark v. Shalala,* 28 F.3d 828, 830-31 (8th Cir. 1994). Here, the transcript in this case is nearly 700 pages long. This transcript includes nearly 400 pages of Plaintiff's medical records, including her treatment records. (Tr. 306-697). Based upon this information, the Court finds this is a "reasonably complete record."

As a final point, a social security case should only be remanded for failure to develop the record where there has been a showing of prejudice or unfair treatment. *See Onstad v. Shalala,* 999 F.2d 1232, 1234 (8th Cir. 1993) (holding "absent unfairness or prejudice, we will not remand"). Here, Plaintiff has made no specific showing of prejudice or unfair treatment. ECF No. 9 at 6-9.

Thus, the Court finds Plaintiff has not made the showing required for a remand in this action to further develop the record.

### B.     Subjective Complaints

Plaintiff claims the ALJ erred by erroneously evaluating her subjective complaints. ECF No. 9 at 9-11. Plaintiff claims the ALJ failed to consider her excuse for not seeking follow-up treatment. *Id.* Notably, Plaintiff argues she could not seek this follow-up treatment because she was unable to afford that treatment. *Id.* In support of her claim that she could not afford her treatment, Plaintiff referenced her testimony at the administrative hearing wherein she claimed she could not afford that treatment. *Id.* Plaintiff has offered no other evidence demonstrating she was unable to afford her treatment. *Id.*

Plaintiff is correct that her failure to seek follow-up treatment may be excused if she can demonstrate she could not afford that treatment. *See, e.g., Mellon v. Heckler,* 739 F.2d 1382, 1383 (8th Cir. 1984). However, Plaintiff's bare claim that she cannot afford treatment is not sufficient. Instead, Plaintiff must affirmatively demonstrate that she had "been prevented from obtaining or denied health care" because of her financial problems. *See Murphy v. Sullivan,* 953 F.2d 383, 387 (8th Cir. 1992). *See also Smith v. Astrue,* 2011 WL 1843194, at *5 (W.D. Ark. May 16, 2011). Here, Plaintiff has made no such demonstration. Thus, the Court finds the ALJ did not err by failing to consider Plaintiff's alleged inability afford treatment.

### C.     RFC Determination

Plaintiff claims the ALJ's RFC determination is not supported by substantial evidence in the record. ECF No. 9 at 11-14. Specifically, Plaintiff claims the ALJ failed to incorporate her mental impairments at Step Two of the Analysis (and subsequently failed to include them in the RFC

6

determination) and failed to incorporate her physical impairments of "generalized osteoarthritis" and "fibromyalgia syndrome" in assessing her RFC.  ECF No. 9 at 11-14.

As for her alleged mental impairments, the Court finds the ALJ properly considered them. Notably, the ALJ properly considered the fact Plaintiff never sought treatment with a mental health professional.  (Tr. 21).  Regarding this issue, the ALJ stated the following: "The claimant has reported depression since 2003 and anxiety since, at least 2008 (Exhibit 1F).  However, outside of medication prescribed by her family doctor, the record does not reflect any treatment with a mental health professional." *Id.*  Further, the ALJ noted that in addition to this lack of treatment, Plaintiff had a "continued ability to work until 2011" despite her "long standing reports of emotional difficulty since 2003." *Id.*  The fact she could continue working despite these allegedly disabling impairments also undercuts her claim that she suffers from disabling mental impairments.  Thus, the Court cannot find the ALJ erred in considering her alleged mental impairments.

As for her "generalized osteoarthritis" and "fibromyalgia syndrome," Plaintiff references three medical records indicating she has limited use of her hands due to these impairments.  (Tr. 441, 620, 625).  The first record is dated from March 5, 2010 while she was still working and recommends she use a "wrist brace," and there is no indication she followed that recommendation. (Tr. 441).  The second record is dated July 15, 2013 and recognizes Plaintiff has decreased range of motion in her elbows, wrists, hands, and knees.  (Tr. 620).  This record, however, does not demonstrate the severity of this restriction.  Finally, on a checklist form dated January 20, 2014, it appears one of her treating physicians reported she was severely limited in reaching, handling, fingering, and gripping.  (Tr. 625).  There is, however, no stated objective basis for these findings.

It is well-established a claimant has the burden of establishing his or her limitations and RFC.

*See Pearsall v. Massanari,* 274 F.3d 1211, 1217 (8th Cir. 2001) (recognizing "[i]t is the claimant's burden, and not the Social Security Commissioner's burden, to prove the claimant's RFC"). Based upon these three records, Plaintiff simply has not demonstrated that she has any limitations greater than those found by the ALJ. Accordingly, the Court finds no basis for reversal on this issue.[1]

### D.    Step Four Determination

Plaintiff claims the ALJ erred with his Step Four determination. ECF No. 9 at 14. In making this claim, Plaintiff restates her arguments regarding the ALJ's alleged failure to develop the record and improper assessment of her RFC. *Id.*

Specifically, Plaintiff claims the "ALJ neither solicited or [nor] developed any examining or treating source opinion evidence addressing the precise issue as to the degree of exposure Plaintiff's health would tolerate in actuality" (record development) and "Plaintiff has manipulative restrictions and if they had been assessed by the ALJ properly they would have been included in the RFC determination" (RFC determination). ECF No. 9 at 14. Because the Court has already fully addressed these issues, the Court will not reconsider them here.

### 4.    <u>Conclusion</u>:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and recommends that it be **AFFIRMED.**

---

[1] It also appears that with this claim, Plaintiff argues the ALJ did not give "good reasons" for discounting her treating physicians' opinions. ECF No. 9 at 12. This is simply incorrect. The ALJ examined all of the opinions of Plaintiff's treating physicians and gave several valid reasons for discounting their opinions. (Tr. 23-25). Thus, the Court cannot find this case should be reversed and remanded based upon this claim.

The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

ENTERED this 12th day of January 2017.

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

9